ROBERT E. PERIN, Respondent, v. MARDINE REALTY Co., INC., et al., Appellants.— Action by the purchaser of real property against the seller and its president, principal stockholder and manager, to recover damages for fraud and deceit because of the seller's failure to disclose to the purchaser that the sewer connection from the subject premises ran, not to the street in front of the premises, in which there was no sewer, but, instead, through adjoining lands to the public sewer in another public street, without the consent of the owners of such adjoining lands. The appeal is from an order denying a motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4). Order reversed, with $10 costs and disbursements, and motion granted. Notwithstanding its lengthiness and abundance of conclusions, the complaint sets forth in substance that the seller failed to volunteer the facts as to the location of the connection running to the public sewer. The seller was under no duty to speak. The parties dealt at arm's length, and the mere silence of the seller, without some act or conduct which deceived the purchaser, does not amount to a concealment that is actionable as an active fraud. (*Foster* v. *Parker,* 2 N Y 2d 848; *Amend* v. *Hurley,* 293 N. Y. 587; *Peoples' Bank of City of New York* v. *Bogart,* 81 N. Y. 101; *Noved Realty Corp.* v. *A. A. P. Co.,* 250 App. Div. 1.) Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DELIGHT L. MILLSPAUGH, Appellant.— Appeal from a judgment of the County Court, Orange County, convicting appellant of grand larceny in the second degree (three counts) and of misappropriation by a public officer (three counts — based on the same facts as the grand larceny counts), and sentencing her to serve not less than two and not more than four years on each count, the sentences to run concurrently. Judgment modified on the facts by reducing the sentence to not less than one and not more than two years on each count, the sentences to run concurrently. As so modified, judgment unanimously affirmed. In our opinion, the sentence was excessive. Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADOLPH JOHN RICHTER, Appellant.— Appeal from a judgment of the County Court, Queens County, convicting appellant of assault in the third degree and sentencing him to an indeterminate term in the New York City Penitentiary, and from said sentence. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HORACE WELSH, Appellant.— Appeal from an order of the County Court, Kings County, denying appellant's application in the nature of a writ of error *coram nobis* to vacate a judgment of said court, rendered May 6, 1931. The judgment sought to be vacated convicted appellant of burglary in the third degree on his plea of guilty. Order unanimously affirmed. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.