■ RICHARD LONDON et al., Appellants, v WILLIAM E. COURDUFF et al., Respondents.—In an action, *inter alia,* to recover damages for fraud and breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated December 15, 1986, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first and third causes of action of the complaint and to strike the plaintiffs' claim for punitive damages.

Ordered that the order is affirmed insofar as appealed from, with costs to respondent William E. Courduff.

The parties entered into a contract for the purchase of three

lots of land. One contained a residence and the other two were vacant. This action was brought by the plaintiffs, *inter alia,* seeking damages for fraud in that one of the vacant lots had been used as landfill and seeking treble damages under RPAPL 861 for the defendants' removal of trees and shrubbery from the property. They also claimed punitive damages. Upon the defendants' motion pursuant to CPLR 3211 (a) (7), the Supreme Court dismissed the plaintiffs' first and third causes of action to recover damages for fraud and treble damages, and struck their claim for punitive damages. We affirm.

It is settled law in New York State that the seller of real property is under no duty to speak when the parties deal at arm's length. The mere silence of the seller, without some act or conduct which deceived the purchaser, does not amount to a concealment that is actionable as a fraud *(see, Perin v Mardine Realty Co.,* 5 AD2d 685, *affd* 6 NY2d 920; *Moser v Spizzirro,* 31 AD2d 537, *affd* 25 NY2d 941). The buyer has the duty to satisfy himself as to the quality of his bargain pursuant to the doctrine caveat emptor, which in New York State still applies to real estate transactions.

Nor is it possible to find that the facts alleged in the complaint, assuming that they are true, would constitute active concealment within the context of a fraudulent nondisclosure. In order to succeed, the plaintiffs must show in effect that the defendants had thwarted their efforts to fulfill their responsibilities fixed by the doctrine of caveat emptor. The case of *Haberman v Greenspan* (82 Misc 2d 263), upon which the plaintiffs rely, is inapposite. There, to hide the defects in the foundation of the duplex building, the defendants erected plasterboards in the basement to cover the cracks which would have revealed the building's deficiency. The action of the defendants thus thwarted the plaintiffs' execution of their obligations under the doctrine of caveat emptor. No active concealment exists in the case at bar.

Furthermore, in this case a specific disclaimer clause is contained in a rider to the contract and is specifically related to the transaction being entered into by the parties. It is not a standard form. It specifies the items and fixtures which it includes and those which it excludes. Since the drafting of the rider was the principal purpose of the face-to-face contract signing session, the plaintiffs cannot now be heard to say that they are not bound by it *(see, Danann Realty Corp. v Harris,* 5 NY2d 317; *Wittenberg v Robinov,* 9 NY2d 261), and the specific disclaimer clause precludes them from now claiming

that they relied on any of the defendants' alleged misrepresentations *(see, Wilson v Gelarie,* 80 AD2d 850; *Barnes v Gould,* 83 AD2d 900, *affd* 55 NY2d 943).

Further, the cause of action based on RPAPL 861 must also fail. That section provides a remedy only to "owners" of land *(see, Lewis v Thompson,* 3 App Div 329; *Kellar v Central Tel. & Tel. Co.,* 53 Misc 523), and the plaintiffs were, at best, mere vendees in possession at the pertinent time.

Finally, there is no merit in the plaintiffs' claim for punitive damages, which, in any case, automatically fell with the first and third causes of action. Mangano, J. P., Thompson, Weinstein and Balletta, JJ., concur.