■ BERNARD SCHARF et al., Appellants, v SOLOMON TIEGERMAN et al., Respondents.—In an action to recover damages for fraud and breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated November 1, 1988, as granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' third cause of action and denied that branch of their cross motion which was for summary judgment on that cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the third cause of action is denied, that branch of the plaintiffs' cross motion which was for summary judgment on that cause of action is granted as to liability, and the matter is remitted to the Supreme Court, Nassau County, for an inquest on the issue of damages.

The Supreme Court erred in determining that the conduct of the defendants did not amount to a fraudulent misrepresentation but to "no more than mere silence". It is well accepted that "the rule of *caveat emptor* * * * is applied with certain restrictions, and is not permitted to obtain in a case where it is plain [that] it was the duty of the vendor to acquaint the vendee with a material fact known to the former and unknown to the latter" *(Rothmiller v Stein,* 143 NY 581, 592).

In the instant case, that duty arose from the representation made by the defendants sellers that the subject property was a legal three-family dwelling. While they did provide a certificate of occupancy to evidence that fact, this representation

was only as "good as far as it [went]" and was "accompanied with such a suppression of facts as [made] it convey a misleading impression" *(Haberman v Greenspan,* 82 Misc 2d 263, 265; *Sheridan Drive-In v State of New York,* 16 AD2d 400, 408; Restatement [Second] of Torts § 529). By making such a representation, the sellers had an affirmative duty to disclose any material facts relating to the substance of the representation which "might affect the recipient's conduct in the transaction in hand" (Restatement [Second] of Torts § 529, comment *b).* The sellers have admitted on the record that they failed to disclose to the plaintiffs purchasers that the house was under investigation by the city in contemplation of revoking its nonconforming three-family status and that they had been unable, for well over a year, to obtain building permits allowing renovations and repairs to the house because of the controversy. The sellers also admitted that the failure to disclose was material inasmuch as several prospective purchasers had refused to enter into a contract to buy the house after being made aware of the city's investigations. The evidence strongly points to the fact that the withholding of this information was a deliberate and intentional action by the sellers.

The record belies the sellers' contention that they thought the matter was "a dead letter" since, up until a few months before closing, they attempted, through their attorney, to have the city remove the "cloud" on their title which was rendering sale of the property difficult. In reply, the Corporation Counsel made it abundantly clear to the sellers' attorney that the matter was still open.

The sellers' reliance on this court's decision in *London v Courduff* (141 AD2d 803) is misplaced. In that case, there was a specific disclaimer clause which negated any legally cognizable representations which could have created an exception to the general rule that a "seller of real property is under no duty to speak when the parties deal at arm's length" *(London v Courduff, supra,* at 804). Further, in that case, there was no evidence of an active concealment of the type found in *Haberman v Greenspan (supra),* which thwarted the purchasers' ability to satisfy themselves as to the quality of their bargain.

Accordingly, the purchasers herein are entitled to partial summary judgment as to liability on their third cause of action. Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.