■ FRAN SLAVIN et al., Appellants, v GERALD D. HAMM et al., Respondents. [621 NYS2d 393] —Mikoll, J. Appeal from an order of the Supreme Court (Hughes, J.), entered December 7, 1993 in Schoharie County, which, *inter alia,* granted summary judgment to defendants Shaul Realty, Gerald D. Hamm and Daniel S. Ross and dismissed the complaint against them.

Plaintiffs sued defendants alleging collusion, concealment and fraud and seeking cancellation of their mortgage indebtedness, as well as compensatory and punitive damages stemming from the sale of certain property to plaintiffs by defendant Gerald D. Hamm. Defendant Michael L. Breen served as plaintiffs' attorney in the real estate sale transaction. Defendant Shaul Realty was the real estate agency involved and defendant Daniel S. Ross served as its counsel.

Plaintiffs alleged a conspiracy by defendants to keep knowledge of an easement, running over plaintiffs' property, from plaintiffs. The easement gave plaintiffs' neighbors an easement to use a spring located on plaintiffs' property and the right to repair, maintain and replace the water line leading to the spring, all of which ran over plaintiffs' property. This easement had not been referenced in either the purchase contract or the warranty deed. Plaintiffs complained to Breen about his failure to advise them of the easement after they received the abstract of title, but to no effect. Plaintiffs moved onto the property and made improvements thereon. Several years after the closing, a foreclosure action was brought by Hamm against plaintiffs when they missed six consecutive mortgage payments. Breen was retained as Hamm's attorney in that proceeding. Shortly thereafter plaintiffs commenced the instant action against defendants. Plaintiffs then moved for summary judgment against all defendants. Shaul Realty cross-moved for summary judgment and dismissal of the complaint. Supreme Court denied plaintiffs' motion, granted Shaul Realty's motion and also granted summary judgment on its own initiative in favor of Hamm and Ross. Plaintiffs' motion to vacate the order was denied. This appeal from the order denying plaintiffs' summary judgment motion ensued.

Addressing plaintiffs' arguments ad seriatim, we hold that Supreme Court properly granted summary judgment to Shaul Realty. The basis of plaintiffs' claims against this party is that Hamm worked as a real estate agent out of Shaul Realty's office and that his misrepresentations were attributable to

Shaul Realty as Hamm's principal. We disagree. Hamm listed the property in question with Shaul Realty as owner; consequently, Shaul Realty became Hamm's agent for purposes of the sale. Shaul Realty was represented by Helen Hennessy in the sale to plaintiffs. Plaintiffs do not allege, nor is any evidence set out, that Hamm acted in any capacity other than as owner of the property. Accordingly, Shaul Realty did not incur any liability based on the theory that Hamm acted as its agent. Further, plaintiffs have not claimed that Hennessy made any false representations to them nor have they contradicted the affidavit of Perry Shaul, principal of Shaul Realty, that he had no knowledge of any defect in title. Any representations alleged by plaintiffs came from Hamm and they cannot be imputed to Shaul Realty (see, Adler v Helman, 169 AD2d 925, 926). There being no triable issue of fact raised by plaintiffs, judgment in favor of Shaul Realty is warranted as a matter of law (see, Ugarriza v Schmieder, 46 NY2d 471, 474; see also, CPLR 3212 [b]).

Plaintiffs next challenge Supreme Court's grant of summary judgment in favor of Ross based on their claim that he knew about and went along with the allegedly fraudulent conveyance of the property and spring rights and that, by drawing up the warranty deed, he made false representations to plaintiffs. We find the argument without merit. Plaintiffs have not presented any evidence nor do they allege that Ross made any express representations to them. A seller's attorney is under no duty to disclose a servitude on land to the buyer (see, Rajchandra Corp. v Tom Sawyer Motor Inns, 91 AD2d 801, 802). Supreme Court properly granted summary judgment in favor of Ross.

Plaintiffs next argue that summary judgment should not have been granted to Hamm because Hamm concealed from them the existence of an easement, did not own the property in the first place and transferred to them a deed from Hamm's mother to spring rights in which she held only a life estate. As seller of the property, Hamm had no duty to disclose any information concerning the premises unless there was a confidential or fiduciary relationship between the parties or some conduct on the part of the seller which could rise to active concealment (see, Stambovsky v Ackley, 169 AD2d 254, 257). Mere silence does not rise to the level of fraud (see, London v Courduff, 141 AD2d 803, 804, lv dismissed 73 NY2d 809). The existence of an easement was readily ascertainable by examination of the abstract of title, as was the nature of the

interest of Hamm's mother in the spring. We agree with Supreme Court's grant of summary judgment to Hamm.

Plaintiffs belatedly raise the argument that Hamm did not have title to the property in question. In support thereof they have submitted a deed showing a transfer of a parcel of land to two nephews of Hamm which fails to reference the parcel Hamm sold to plaintiffs. Plaintiffs have thus failed to supply evidentiary support for their contention.

Finally, plaintiffs contend that they are entitled to summary judgment against Breen who was their counsel in the real estate transaction. They affirm in their affidavit that Breen withheld from them information known to him, through his preparation of the abstract, about both the easement which burdens their property and the limited spring rights of Hamm's mother. Breen claims, under oath, that the water rights were fully disclosed at the closing and that plaintiffs knew about the easement a short time after closing but continued to hold the property and make improvements thereon. He avers that the easement, for all intents and purposes, has been abandoned for 30 years. Supreme Court found that factual issues remain unresolved as to whether Breen violated his duty to disclose to plaintiffs information regarding the right-of-way and the water rights and denied summary judgment. We concur. The question of a failure to disclose, which may be tantamount to misrepresentation, is one of fact and requires resolution by the trier of fact (see, Callahan v Callahan, 127 AD2d 298, 300).

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.