◼ In the Matter of WARREN H. HUBBARD, SR., Petitioner, v TOWN OF SAND LAKE, Respondent. [622 NYS2d 126] —Crew III, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent which condemned a portion of petitioner's land upon which respondent's landfill is located.

Respondent leased from petitioner's predecessor-in-interest certain real property located on Chamberlain Hill Road in the Town of Sand Lake, Rensselaer County, for use as a sanitary landfill. The lease was to expire on June 30, 1994. In April 1993, the State Department of Environmental Conservation ordered the closure of the landfill and directed respondent to monitor and maintain the property for 30 years. To ensure

compliance with that order, respondent attempted to acquire a long-term interest in petitioner's property. Because the parties were unable to negotiate an acceptable agreement, respondent sought to acquire the property by eminent domain.

Notice of a public hearing on the proposed acquisition was given and a hearing was held, at which written and oral comments from the public were received. Following the hearing, respondent's board issued its determination and findings, concluding that it was in the public interest to acquire the property to ensure compliance with the aforesaid order. Petitioner has initiated this proceeding pursuant to EDPL 207 seeking annulment of respondent's determination.

We reject each of petitioner's contentions save the assertion that respondent's determination and findings were not made in accordance with the State Environmental Quality Review Act (hereinafter SEQRA) (ECL art 8) *(see,* EDPL 207 [C] [3]). Pursuant to SEQRA, a condemnor may issue a negative declaration, obviating the need for an environmental impact statement, if it "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for [its] determination" *(Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 363-364). While a review of the record here reveals that respondent undertook studies to evaluate the impacts to air, ground water and soil, there is no record evidence that it took a hard look at those studies and there is no elaboration as to the basis for respondent's negative determination. We reject respondent's contention that SEQRA review is unnecessary in that the project here is simply the taking of the subject property and not the closure of respondent's landfill. If that postulate were accepted, no condemnation proceeding would ever require an environmental review except a taking involving more than 100 acres *(see,* 6 NYCRR 617.12 [b] [4]), thus rendering the provisions of EDPL 207 (C) (3) superfluous. Accordingly, we must reject respondent's determination and findings.

Cardona, P. J., Casey, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.