■ JOLLY KING RESTAURANT, INC., Appellant, v HERSHEY CHAN REALTY, INC., et al., Respondents. [625 NYS2d 35] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about April 25, 1994, which denied plaintiff's motion for a preliminary injunction, and, *sua sponte,* dismissed plaintiff's first, second, third and sixth causes of action, unanimously modified, on the law, the facts and in the exercise of discretion, to grant plaintiff leave to replead its first cause of action so as to seek a declaratory judgment that defendant is obligated to repair roof leakage, and otherwise affirmed, without costs.

The causes of action alleging defendants' fraudulent concealment of a plumbing defect in an upstairs apartment were properly dismissed for failure to plead, with the required particularity (CPLR 3016 [b]), that such concealment "thwarted [plaintiffs'] ability to satisfy themselves as to the quality of their bargain" *(Scharf v Tiegerman,* 166 AD2d 697, 698). Absent a duty to speak, nondisclosure does not ordinarily constitute fraud *(see, e.g., Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.,* 173 AD2d 203, 204). Nor did the IAS Court err in dismissing the cause of action for a declaratory judgment that defendant is not entitled to enforce the lease in question because of its own breach thereof, plaintiff's claim that its loss of good will has left it without a damages remedy being belied by its own principal's assertion of a dollar figure on such loss in his affidavit in support of the motion. However, in their settlement of the underlying summary proceeding in Civil Court, the parties appear to have preserved a narrow issue concerning responsibility for roof leaks, and we accordingly modify to permit plaintiff, if so advised, to replead the cause of action for declaratory judgment on that issue only. The Civil Court proceeding having been otherwise settled and terminated, all issues concerning it are academic *(cf., Heller v Trustees of Town of E. Hampton,* 198 AD2d 331). We have

considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Williams, JJ.