■ GERALD D. HAMM, Respondent, v FRAN SLAVIN et al., Appellants. [626 NYS2d 597] —Mikoll, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered January 10, 1994 in Schoharie County, which, *inter alia,* denied defendants' cross motion for summary judgment.

On June 11, 1989, plaintiff and defendants entered into a purchase and sale contract of real property owned by plaintiff and located in Schoharie County. Defendants visited the property and negotiated the terms of sale prior to execution of the contract. The contract provided that the property would be sold subject to "all covenants, conditions, restrictions, easements and rights of way of record". The price was $25,000, with $4,000 as a down payment and plaintiff holding a mortgage for the $21,000 balance. Plaintiff conveyed the property to defendants by warranty deed signed and delivered June 16, 1989, together with a quitclaim deed executed by plaintiff's mother conveying the right to use a spring on adjacent property. Defendants ceased making the monthly payments on the mortgage (principal and interest) approximately seven months prior to the filing of the complaint in this foreclosure action. Defendants allege as a defense that plaintiff and others fraudulently induced them to enter into the contract and to purchase the property.

Thereafter, defendants commenced an action against plaintiff, Michael Breen (an attorney who represented defendants in the purchase of the realty), Daniel Ross (plaintiff's attorney in the sale of the realty) and Shaul Realty (the realty company), alleging collusion, fraud and deceit and seeking cancellation of the mortgage (see, *Slavin v Hamm*, 210 AD2d 831). Defendants alleged in their complaint that plaintiff, in collusion with the named attorneys, cheated and defrauded them and that the price they were charged was overinflated and excessive for the allegedly unmarketable property. Supreme

Court granted summary judgment in favor of all defendants except Breen and this Court affirmed *(see, supra)*.

Plaintiff subsequently commenced the instant foreclosure action and moved for summary judgment; defendants cross-moved for summary judgment and requested leave to amend their answer to set forth various counterclaims. Although Supreme Court denied summary judgment to both parties, it granted defendants permission to serve an amended answer to assert counterclaims, other than for fraud, against plaintiff. Supreme Court also denied defendants permission to counterclaim against Breen.

On this appeal by defendants from Supreme Court's order denying summary judgment, plaintiff correctly argues that the prior decision in *Slavin v Hamm (supra)*, holding that plaintiff is not liable to defendants based on fraud, precludes defendants, under the doctrine of collateral estoppel, from offering this same theory as a defense or counterclaim in the instant foreclosure action. Collateral estoppel bars a party from relitigating an issue raised and litigated in a prior action and decided against the party *(see, Liss v Trans Auto Sys.*, 68 NY2d 15, 22; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 70). Plaintiff and defendants participated in the prior action and the same issue of fraud in the underlying real estate contract was fully litigated. This Court affirmed the grant of summary judgment against defendants, finding that Hamm was not under any special duty to disclose any information, that he had not concealed anything from defendants and that his conduct did not rise to the level of fraud *(see, Slavin v Hamm, supra*, at 832-833). Thus, defendants may not reassert their claim of fraud against plaintiff here *(see, Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485-486).

Defendants' assertion that the prior decision, and its underlying facts, are sufficient to award them summary judgment in this foreclosure action is rejected. Supreme Court found that, on the other issues, questions of fact remain requiring a trial. Because, the parties plead different factual scenarios raising factual issues to be resolved at a trial, summary judgment is inappropriate *(see, Ugarriza v Schmieder*, 46 NY2d 471, 473).

Without merit is defendants' claim that Supreme Court violated their constitutional rights by denying their motion for permission to assert a counterclaim against Breen for his alleged part in the fraud. The claim against Breen does not allege that Breen would be liable for any damages that defendants may owe to plaintiff. Defendants' claim against

Breen is separate and would not be allowable as a third-party action under CPLR 1007. Moreover, defendants' claim against Breen is pending as part of the prior action.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.