■ In the Matter of WARREN HUBBARD, SR., Petitioner, v TOWN OF SAND LAKE, Respondent. [635 NYS2d 360] —Crew III, J. Proceeding initiated in this Court pursuant to EDPL 207 to

review a determination of respondent which condemned a portion of petitioner's land upon which respondent's landfill is located.

The relevant facts are set forth in this Court's prior decision in a related proceeding in this matter (*Matter of Hubbard v Town of Sand Lake*, 211 AD2d 1005). Briefly, respondent leased from petitioner's predecessor-in-interest certain real property located in the Town of Sand Lake, Rensselaer County, for use as a sanitary landfill. The lease was set to expire in June 1994. In April 1993, the State Department of Environmental Conservation (hereinafter DEC) ordered the closure of the landfill due to violations of certain permit requirements and regulatory standards, and respondent was directed to monitor and maintain the property for 30 years. In an effort to facilitate compliance with that order, respondent attempted to acquire a long-term interest in petitioner's property. When the parties were unable to reach an agreement, respondent sought to acquire the property by eminent domain. Respondent's initial determination and findings condemning the property were annulled by this Court due to respondent's failure to comply with the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) (*see, Matter of Hubbard v Town of Sand Lake, supra*).

In February 1995, following appropriate notice, a public hearing was held on the proposed acquisition. Following this hearing, respondent issued its determination and findings, concluding that it was in the public interest to acquire the property in order to ensure compliance with DEC's order. Petitioner thereafter commenced this proceeding pursuant to EDPL 207 seeking to annul respondent's determination.

Petitioner initially contends that respondent's determination must be annulled because (1) respondent failed to establish a valid public use for condemnation of the property, (2) respondent acted in bad faith in condemning the property, and (3) respondent's condemnation of the entire 37 acres at issue was excessive. A review of the briefs and petition filed in the prior proceeding in this matter (*see, supra*) reveals, however, that these very arguments were previously considered and rejected by this Court, and there is no indication that petitioner did not have a full and fair opportunity to litigate those issues in that proceeding. Accordingly, petitioner is barred by the principles of res judicata and collateral estoppel from relitigating these issues in this proceeding (*see generally, Lanuto v Constantine*, 215 AD2d 946, 947 [res judicata bars a party from litigating a claim that either was raised or could have been raised in a

prior proceeding or action, provided the party to be barred had a full and fair opportunity to litigate the claim and the disposition was on the merits]; *Wheeler v Village of Saugerties*, 216 AD2d 733, 734; *Hamm v Slavin*, 215 AD2d 896 [each holding that the party seeking to invoke collateral estoppel must establish that the identical issue was actually litigated and necessarily decided in a prior proceeding or action and that the party to be barred had a full and fair opportunity to do so]). Moreover, were we to address these issues, we would again conclude that petitioner's arguments are lacking in merit.

Petitioner next contends that respondent's Town Board failed to comply with SEQRA in issuing the determination and findings made in February 1995. We cannot agree. As a starting point, we reject petitioner's assertion that appendix C to respondent's brief, which contains a transcript of a meeting conducted by the Town Board on February 28, 1995, together with the negative declaration and determination and findings adopted on that date, is not properly part of the record (*see*, EDPL 207 [A], [C]). Additionally, based upon our review of those documents and the record as a whole, we are satisfied that respondent's determination and findings indeed were made in accordance with SEQRA, and petitioner's arguments to the contrary are lacking in merit.

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.