■ INDUSTRIAL RISK INSURERS, Respondent, v JOHN L. ERNST et al., Appellants, and SOL NIEGO ASSOCIATES et al., Respondents. [638 NYS2d 109] —In an action to recover damages for prop-

erty damage, the defendants John L. Ernst and Cedarhurst Joint Venture appeal from an order of the Supreme Court, Nassau County (Becker, J.) dated October 19, 1994, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion of the defendants John L. Ernst and Cedarhurst Joint Venture for summary judgment is granted, the complaint and all cross claims are dismissed insofar as asserted against them, and the action against the remaining defendants is severed.

The plaintiff's subrogor, Pergament Distributors, Inc. (hereinafter Pergament), leased a store in a shopping center owned by the defendants John L. Ernst and Cedarhurst Joint Venture (hereinafter the appellants). In 1983, Pergament and the appellants entered into a new lease for additional space. Several months after Pergament had constructed and occupied an extension to its existing store, a water main located beneath the extension ruptured, flooding the store. The plaintiff, as subrogee of Pergament, commenced the instant action for damages alleging, in essence, that the appellants had failed to disclose the existence of the water main to Pergament.

In order to hold the appellants liable, the plaintiff must first establish that they breached a duty toward Pergament. "Whether a duty exists presents a question of law to be determined by the court based upon the facts and circumstances of each case" (Hooper v Anderson, 157 AD2d 939, 940). We agree with the appellants that they breached no duty. Here, the parties dealt at arm's length, no confidential or fiduciary relationship existed, there was no active concealment of the facts by the appellants and the existence of the water company's easement could have easily been ascertained at all times by Pergament, its architect, and general contractor simply by examining the public records.

Under these circumstances, there is no basis upon which liability may be imposed on the appellants (see, Slavin v Hamm, 210 AD2d 831; LaBarbera v Marino, 192 AD2d 697; London v Courduff, 141 AD2d 803; Perin v Mardine Realty Co., 5 AD2d 685, affd 6 NY2d 920). Balletta, J. P., Ritter, Altman and Hart, JJ., concur.