■ GERALD D. HAMM, Respondent, v FRAN SLAVIN et al., Appellants. [683 NYS2d 661] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Connor, J.), entered September 29, 1997 in Schoharie County, upon a decision of the court in favor of plaintiff.

These litigants have been previously before us in matters stemming from the sale of real estate by plaintiff to defendants which also underlies the instant matter (see, Hamm v Slavin, 215 AD2d 896; Slavin v Hamm, 210 AD2d 831).

In this proceeding the precise issues are (1) whether plaintiff is entitled to foreclose on his mortgage lien upon the premises, and (2) whether defendants have stated a valid defense to the action entitling them to rescind the mortgage lien and to re-

cover damages for the expenses connected with renovations made to the subject premises while they were in possession.

The foreclosure action included, *inter alia*, a defense of breach of contract by plaintiff for failure to convey marketable title to the property sold, failure by plaintiff to convey rights to a spring as agreed to in the contract of sale and failure to transfer the property free of encumbrances on the property, to wit, an easement benefitting an adjoining owner. Defendants seek damages and punitive damages.

Plaintiff and defendants stipulated to the following facts. Plaintiff sold the property at issue in June 1989 pursuant to a contract of sale. An abstract of title was prepared by defendants' counsel to expedite the closing date and was given to defendants. On June 16, 1989 plaintiff executed and delivered a deed to defendants and, also, a purported easement to a spring located on adjoining property, executed by Gladys Hamm, plaintiff's mother, who had a life estate in the property. This document did not provide defendants with the agreed to water rights. Defendants paid $4,000 down and executed and delivered to plaintiff a mortgage note for $21,000. Defendants took possession. The last mortgage payment was made by them on September 16, 1997, leaving an unpaid balance of $17,515.53 with an interest rate of 10% due. This foreclosure action ensued.

The property had been deeded to plaintiff by Dorwin Hamm on June 14, 1986. After Dorwin Hamm died the property was deeded to his sons by an executor's deed in accordance with his will. This latter deed was recorded before plaintiff's deed from Dorwin Hamm. Both deeds had been recorded at the time the sale to defendants occurred. In February 1996 Dorwin Hamm's sons, Larry Hamm and Richard Hamm, quitclaimed all their interest in the property to defendants. In addition, they also tendered to defendants' attorney a water easement to the area where the water spring is located, which was referenced in the sales contract. Larry Hamm and Richard Hamm own the property on which the water spring is located. Defendants refused to accept both documents.

Supreme Court held that the foreclosure action is not a proper vehicle to try title questions and, thus, plaintiff may not defend the foreclosure proceeding by alleging that plaintiff transferred to them an unmarketable title. The court granted judgment to plaintiff against defendants for $17,513.53 with interest from September 16, 1992. Defendants' counterclaim was dismissed with prejudice. This appeal ensued.

While we concur with Supreme Court that defendants'

defense based on unmarketable title could not be reached in the foreclosure action, the court erred in failing to consider defendants' counterclaim based on breach of contract for failure to convey marketable title (*see, Ferraro v Marrillard Bldrs.*, 227 App Div 448). However, with respect to the defect in title, as Dorwin Hamm's sons have since executed a quitclaim deed in February 1996 conveying to defendants whatever interest they had in the property, this action cured any defect in defendants' title. Thus, defendants cannot prevail on their counterclaim for breach of contract for failure to convey marketable title.

Defendants' further contention that plaintiff breached the contract of sale by failing to convey water rights to defendant is also to no avail in view of the easement to the water spring granted them by Dorwin Hamm's sons. Defendants' contention that the encumbrance on the land benefitting an adjoining owner violates the contract is rejected. Such contention is foreclosed by our previous determination decided against defendants (*see, Slavin v Hamm*, 210 AD2d 831, *supra*) wherein we held that the easement was readily ascertainable by examination of the abstract of title. Defendants are precluded from relitigating the issue raised and decided against them in our prior decision (*see, Liss v Trans Auto Sys.*, 68 NY2d 15, 22).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.