■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Petitioner, v GREEN ISLAND POWER AUTHORITY, Respondent. (And Another Related Proceeding.) [697 NYS2d 700] —Yesawich Jr., J. Proceedings initiated in this Court pursuant to EDPL 207 to review a determination of respondent which, *inter alia*, found that there was a public benefit to be served by the proposed condemnation of petitioners' property known as the Green Island Hydroelectric Plant.

As part of a divestiture plan, petitioner Niagara Mohawk Power Corporation (hereinafter NIMO) agreed to sell 72 power plants including the Green Island Hydroelectric Plant (hereinafter the Plant)—the subject of this proceeding—to petitioner Orion Power Holdings, Inc. and Erie Boulevard Hydropower, L.P. (hereinafter referred to as Orion/Erie). Following NIMO's rejection of respondent's offer to purchase the Plant, respondent instituted proceedings to acquire it through eminent domain. The purpose of the proposed condemnation is to provide power at lower rates to the residents of the Village of Green Island in Albany County, stabilize the tax base for the Village and its school district, and increase the opportunity for economic growth. Notice of a public hearing was given, and at that hearing the plan for acquisition was outlined and written and oral comments were accepted. Thereafter, respondent

timely issued its findings and determination, deciding that condemnation of the Plant would be in the public interest. Petitioners* commenced these proceedings pursuant to EDPL 207 challenging that determination.

We find petitioners' contentions lacking in merit, save for the argument that respondent's determination did not comply with the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) (*see, Matter of Hubbard v Town of Sand Lake*, 211 AD2d 1005, 1006; *see also*, EDPL 207 [C] [3]). While a condemnor may circumvent the need for an environmental impact statement under SEQRA, it may do so only if it has "identified the relevant areas of environmental concern, [taken] a 'hard look' at them, and made 'a reasoned elaboration' of the basis for [its] determination" (*Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 363-364, quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 416; *see, Matter of Hubbard v Town of Sand Lake, supra*, at 1006).

Maintaining that an environmental impact statement was superfluous, respondent issued a negative declaration stating that, inasmuch as it would operate the Plant in "almost" the same manner as NIMO had, "[a]ny positive or negative impacts on the environment * * * [would] occur whether or not [it] acquires the [P]lant". Respondent's contention to the contrary notwithstanding, this bald conclusory statement does not satisfy respondent's obligation to fully analyze the environmental consequences of its contemplated action (*see, Giuliani v Hevesi*, 228 AD2d 348, 352-353, *affd as mod* 90 NY2d 27). Furthermore, the record on this issue is so lacking in analytical detail that it is no more illuminating. Even though respondent's statement suggests that transferring the Plant requires little more than NIMO's relinquishing keys to the front door, it is worth noting that the Plant's operation undeniably requires a workforce with extensive technical expertise and hence, at the very minimum, there is room to question whether respondent—with a full-time workforce of five employees and prior utility experience limited to the resale of energy products—can safely operate the Plant. The requisite hard look not having been taken, respondent's determination must be annulled.

Mikoll, J. P., Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is annulled, without costs, and petitions granted.

---

* Orion/Erie has adopted the arguments advanced by NIMO in its brief.