■ NEIL F. GLAZER et al., Appellants, v AMEDEO LOPRESTE et al., Respondents. [717 NYS2d 256] —In an action, *inter alia*, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Alpert, J.), dated January 7, 2000, which granted the motion of the defendants Amedeo LoPreste, Joanna LoPreste, and Carmela LoPreste pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them, and granted the separate motion of the defendants Barbara Mazzitelli, Davidine LeBoyer, and Natalya Skvirsky for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs sought damages allegedly resulting from their purchase of a home located across the street from the home of a convicted sex offender. The plaintiffs contend that the sellers, the defendants Amedeo LoPreste, Joanna LoPreste, and Carmela LoPreste, and the real estate agents, the defendants Barbara Mazzitelli, Davidine LeBoyer, and Natalya Skvirsky, fraudulently misrepresented that the house was a good place to raise children, and fraudulently concealed the fact that a sex offender lived in the neighborhood.

New York imposes no duty on either the seller or the seller's agent to disclose any information concerning the premises unless there is a confidential or fiduciary relationship between the parties or some conduct on the part of the seller which constitutes active concealment (*see, London v Courduff*, 141 AD2d 803; *cf., Stambovsky v Ackley*, 169 AD2d 254). A buyer has the

duty to satisfy himself as to the quality of his bargain (*see, London v Courduff, supra*). There is no allegation here that the parties were in a confidential or fiduciary relationship.

The plaintiffs failed to state a cause of action for active concealment within the context of a fraudulent nondisclosure (*see, London v Courduff, supra; cf., Scharf v Tiegerman,* 166 AD2d 697). The record is devoid of evidence that the plaintiffs made any effort to discover the character of the surrounding neighborhood, or that the defendants thwarted the plaintiffs' efforts to discover facts about the neighbors.

The alleged misrepresentations made by the respondents were no more than expressions of opinion which cannot sustain a cause of action alleging fraud (*see, Jo Ann Homes v Dworetz,* 25 NY2d 112, 119; *see also, Karsanow v Kuehlewein,* 232 AD2d 458; *Pappas v Harrow Stores,* 140 AD2d 501, 504). In addition, the plaintiffs failed to present any evidence that the defendants intended to deceive them (*see, Jo Ann Homes v Dworetz, supra*).

Moreover, the information that was allegedly withheld was not "peculiarly within the knowledge of the seller or unlikely to be discovered by a prudent purchaser exercising due care with respect to the subject transaction" (*Stambovsky v Ackley, supra,* at 259; *see, Tahini Invs. v Bobrowsky,* 99 AD2d 489). Local newspapers, including the newspaper serving the community in which the plaintiffs lived before the purchase, had been publishing articles regarding the charges against the neighbor and his subsequent plea of guilty for at least two years prior to the sale in question.

Accordingly, the Supreme Court properly granted the sellers' motion to dismiss the complaint, as the plaintiffs failed to state a cause of action alleging either fraudulent concealment or fraudulent misrepresentation (*see,* CPLR 3211 [a] [7]). The Supreme Court also properly granted the real estate agents' motion for summary judgment. Upon a prima facie showing by the real estate agents of their entitlement to summary judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact to defeat the motion (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562).

The plaintiffs' remaining contentions are without merit. Mangano, P. J., Luciano, Feuerstein and Schmidt, JJ., concur.