■ Erick Adrien, Respondent, v Estate of Peter Zurita et al., Defendants, and Paul Shoock, Appellant. [814 NYS2d 709]—

In an action, inter alia, to recover damages for fraud, the defendant Paul Shoock appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated January 14, 2005, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Paul Shoock, and the action against the remaining defendants is severed.

The plaintiff commenced this action, inter alia, to recover damages for fraud arising out of his purchase of certain real property in Warwick from the defendant estate of Peter Zurita. The defendant Paul Shoock was the attorney for the seller in the real estate transaction. The plaintiff alleged, among other

things, that Shoock failed to disclose, misrepresented, and/or concealed certain facts regarding the status of the tenants who occupied the subject premises.

In opposition to Shoock's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether Shoock engaged in actionable nondisclosure, misrepresentation, or concealment (*see Glazer v LoPreste,* 278 AD2d 198 [2000]; *London v Courduff,* 141 AD2d 803 [1988]). The seller disclosed to the plaintiff in a property condition disclosure statement that somebody other than the seller had a lease or other right to use or occupy the property. In addition, the plaintiff was aware of the tenants' existence based upon his own inspection of the property. Pursuant to the doctrine of caveat emptor, the plaintiff had a duty to inquire whether the tenants had a written lease and, if so, request a copy of the lease or request any other documents pertaining to the tenancy (*see London v Courduff, supra* at 804). The plaintiff's claim of justifiable reliance on alleged misrepresentations of Shoock regarding the lease and the status of the tenancy is unsupportable.

The plaintiff closed on the property fully aware that a holdover proceeding had been commenced against the tenants to remove them from the property and that the proceeding was not scheduled to be heard until three or four business days after the closing. Indeed, at the closing, the plaintiff signed a post-closing survival agreement acknowledging that the tenants had not yet vacated the premises. Pursuant to that agreement, the parties thereto merely agreed to hold the sum of $4,000 in escrow to cover the expense of the holdover proceeding. Shoock's alleged oral representations regarding the future outcome of the holdover proceeding were mere expressions of opinion of present or future expectations, upon which the plaintiff could not justifiably rely (*see Goldman v Strough Real Estate,* 2 AD3d 677, 678 [2003]). Thus, we reject the plaintiff's claim that Shoock's alleged fraudulent misrepresentations rather than his own failure to exercise due diligence caused him damages when the holdover proceeding was determined in favor of the tenants (*see Cohen v Cerier,* 243 AD2d 670, 672 [1997]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.