■ LOUISE E. DEMBECK, Appellant, v 220 CENTRAL PARK SOUTH, LLC, Respondent. [823 NYS2d 45]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered January 6, 2006, which, upon renewal, adhered to a prior determination granting summary judgment dismissal of plaintiff's claims for fraud, unanimously affirmed, with costs. Appeal from order, same court (Doris Ling-Cohan, J.), entered on or about March 29, 2006, which denied plaintiff's motion to stay discovery pending appeal of the earlier order, unanimously dismissed, without costs, as academic.

Plaintiff, a former tenant of a building owned by defendant, sought compensatory and punitive damages for, in part, the landlord's allegedly fraudulent concealment in misleading her to believe she was renting an apartment in a luxury, full-service building with two functioning passenger elevators, plus another service/freight elevator, when in fact the 21-story building had only one passenger elevator with a history of frequent break-downs. Defendant moved successfully for partial summary judgment dismissing, inter alia, the fraud claims.

The motion court properly declined to modify its prior ruling. To make a prima facie claim of fraud, the complaint must allege misrepresentation or concealment of a material fact, falsity, scienter on the part of the wrongdoer, justifiable reliance and resulting injury (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]). Although a cause of action for fraud may be predicated on acts of concealment, there must first be proven a duty to disclose material information (*see Jana L. v West 129th St. Realty Corp.*, 22 AD3d 274, 277 [2005]; *Kaufman v Cohen*, 307 AD2d 113, 119-120 [2003]). When one party is under a duty to act for, or give advice for the benefit of, another on matters within the scope of their relationship, a fiduciary relationship is created (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). Here, plaintiff failed to demonstrate such a relationship requiring any duty of disclosure. A fiduciary relationship does not exist between parties engaged in an arm's length business transaction (*see id.* at 19-20), which is normally the situation between landlord and tenant (*see Industrial Risk Insurers v Ernst*, 224 AD2d 389, 390 [1996]; *Ja-Mo Assoc. v 56 Fulton St. Garage Corp.*, 30 AD2d 287, 291-292 [1968]). Defendant was under no obligation to volunteer any information concerning contemplated future repairs to the elevator or any other systems in the building, and plaintiff has not claimed that defendant made any affirmative misrepresentations in that regard.

Review of the denial of plaintiff's request to stay discovery pending determination of this appeal has been rendered academic by this Court's subsequent stay of both discovery and trial.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Saxe, Sullivan and McGuire, JJ.