Rose, J.P.
Appeal from a judgment of the Supreme Court (Lambert, J), entered February 16, 2012 in Delaware County, which granted plaintiff’s motion for summary judgment permanently enjoining defendant’s interference with plaintiff’s use of a certain easement.
Plaintiff owns a parcel of real property located within a ski area owned by defendant in the Town of Roxbury, Delaware County. Plaintiffs only means of accessing its parcel is over a right-of-way (hereinafter ROW) running through defendant’s surrounding land. After disputes arose between the parties as to the location and scope of the ROW in 2006, plaintiff commenced an action in County Court pursuant to RPAPL article 15 and, in 2007, the court issued a decision and order determining that plaintiff is the lawful owner of a 50-foot-wide deeded ROW that includes access by motorized vehicles. Although County Court’s later judgment also enjoined defendant from interfering with the use of the easement, access issues continued and plaintiff commenced this action in 2009 seeking, among other things, an order requiring defendant to remove existing barriers and obstacles from the ROW. After joinder of issue, plaintiff moved for summary judgment based upon, among other things, the outcome of the prior action and the affidavits of plaintiff’s principal detailing his personal knowledge of the condition of the ROW and defendant’s obstruction of it at three specific points. These were a gate at the beginning of the ROW, various newly-dug ditches across the ROW and an earthen berm constructed at an intersection between the ROW and a ski trail. Supreme Court, finding that defendant’s arguments in opposition to the motion were barred by collateral estoppel and res *1095 judicata or were without merit, granted plaintiffs motion and ordered defendant to remove all of the obstructions.
As limited by its brief, defendant contends on appeal that issues of fact exist requiring denial of plaintiffs motion for summary judgment only as to the claimed obstruction at the intersection between the ROW and the ski trail. In describing that obstruction, plaintiffs principal avers that, prior to 2006, an overpass or bridge carried the ski trail over plaintiffs ROW where the two routes intersect. When the bridge collapsed due to forces of nature in June 2006, it left a cut or gap across the ski trail that was more than 10 feet deep. Rather than rebuild the bridge, defendant filled the gap with earth and graded it to the level of the ski trail, thereby creating a 10-foot-high earthen berm that enables skiers to use the ski trail unimpeded but blocks plaintiffs access across the ski trail. In response, defendant does not deny that it filled and graded the gap in its ski trail, arguing instead that plaintiff failed to establish that the location of the former bridge is within the ROW In resolving this issue in plaintiffs favor, Supreme Court relied on County Court’s 2007 decision and order determining that defendant did not take any action adverse to plaintiffs rights until it graded the ski trail in 2006.
Initially, defendant contends that Supreme Court’s reliance on County Court’s prior decision was improper because plaintiff raised the doctrines of collateral estoppel and res judicata for the first time in the reply papers. We are not persuaded. The instant action was brought based on the outcome of the County Court action, and plaintiff clearly relied on that outcome in its complaint and its original motion papers in support of summary judgment. Furthermore, plaintiffs reply was an appropriate response to defendant’s argument in its opposing papers that an issue of fact existed as to whether the ROW intersected with the ski trail where the bridge had previously been located (see Ioele v Wal-Mart Stores, 290 AD2d 614, 615 [2002]; Ticor Tit. Guar. Co. v Bajraktari, 261 AD2d 156, 157 [1999]).
Nor do we find any error in Supreme Court’s conclusion that the obstruction of the ROW at its intersection with the ski trail was previously determined by County Court. In order to extinguish an easement by adverse possession, the dominant owner must be prevented from using the easement for the statutory time period (see Spiegel v Ferraro, 73 NY2d 622, 627-628 [1989]; Gold v Di Cerbo, 41 AD3d 1051, 1054 [2007], lv denied 9 NY3d 811 [2007]). In our view, the only reasonable interpretation of County Court’s conclusion that the grading of the ski trail in 2006 was an act that was adverse to plaintiffs rights is *1096 that it served to prevent plaintiff from using the ROW Accordingly, Supreme Court correctly gave preclusive effect to County Court’s 2007 decision (see Hamm v Slavin, 257 AD2d 805, 807 [1999]; Clute v State of New York, 243 AD2d 936, 938 [1997]; Matter of Hubbard v Town of Sand Lake, 223 AD2d 794, 795-796 [1996], lv denied 88 NY2d 808 [1996]).
While it is true that County Court issued a subsequent decision in 2008 noting the existence of issues of fact regarding blockage of the ROW* that decision does not specifically identify those issues except to say that they arose after the action was commenced and there had been no testimony with respect to them. The newly-dug ditches across the ROW would meet that description. On the other hand, the issue of the grading of the ski trail at its intersection with the ROW arose before the County Court action was commenced. This issue was specifically considered by County Court in its 2007 decision, and there is nothing to suggest that County Court’s subsequent decision was referring to this particular obstruction.
Even if the 2007 decision and order were not to be given preclusive effect, we note that defendant’s principal submitted an affidavit in the County Court action acknowledging that, as reflected in a survey map filed in the Delaware County Clerk’s office, the ROW intersected with the ski trail at the point where the bridge had previously been located. Inasmuch as plaintiffs principal submitted affidavits detailing his personal knowledge that the 10-foot-high berm blocked his passage across the ski trail where the former bridge had been located, plaintiff established that the blockage was located in the ROW and defendant failed to come forward with any evidence to the contrary. Accordingly, the motion for summary judgment was properly granted (see Williams v McNee, 80 AD3d 1020, 1021 [2011]; Judd v Vilardo, 57 AD3d 1127, 1128-1129 [2008]; Dewey v Gardner, 248 AD2d 876, 879 [1998]).
We have considered defendant’s remaining arguments, including his challenge to the order dismissing the counterclaim for malicious prosecution and the affirmative defense of unclean hands, and find them to be unavailing.
Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, with costs.

 Although the subsequent decision was not part of the motion papers before Supreme Court, we will take judicial notice of it (see Samuels v Montefiore Med. Ctr., 49 AD3d 268, 268 [2008]).