■ BLAGIO RESTAURANT, INC., et al., Appellants, v C.E. PROPERTIES, INC., et al., Respondents. [7 NYS3d 468]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered April 15, 2013, as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Robert Antonioni, Edhi Qutub, and Esmail Ross for lack of standing to maintain the action, for summary judgment dismissing the complaint insofar as asserted against the defendant Carlos Errico, and for summary judgment dismissing the breach of contract and fraudulent inducement causes of ac-

tion insofar as asserted against the defendant C.E. Properties, Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the breach of contract cause of action insofar as asserted against the defendant C.E. Properties, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Blagio Restaurant, Inc., as tenant, and the defendant C.E. Properties, Inc., as landlord, entered into a 10-year lease on January 1, 2005. The defendant Carlos Errico signed the lease and rider as President of C.E. Properties, Inc. The plaintiffs Roberto Antonioni and Edhi Qutub signed the lease as officers of Blagio Restaurant, Inc., and also individually, as personal guarantors for the rent and other obligations under the lease. The plaintiff Esmail Ross was also an officer of Blagio Restaurant, Inc. After the lease was signed, problems with the subject premises arose, including damage to the premises caused by a flood and issues related to the plaintiffs' inability to obtain a final certificate of occupancy as would have permitted them to operate their business on the premises. The plaintiffs then commenced this action, inter alia, to recover damages for breach of contract and fraudulent inducement. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.

Contrary to the conclusion of the Supreme Court, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action insofar as asserted against C.E. Properties, Inc. In support of their motion, the defendants submitted two copies of the commercial lease purportedly entered into between the corporate parties. The two leases were substantially similar, but one of the leases contained an additional handwritten term requiring the defendants to perform certain repairs on the premises, which were the repairs the plaintiffs contended were never completed, constituting the defendants' breach of the contract. In an affirmation in support of the motion, the defendants acknowledged that there was a dispute as to whether the handwritten terms in the lease were agreed to by C.E. Properties, Inc. Therefore, the submission of these documents failed to eliminate all triable issues of fact as to which lease was controlling and whether the defendants had performed all of their obligations under the lease. Since the defendants failed

to meet their prima facie burden, that branch of their motion which was to dismiss the breach of contract cause of action insofar as asserted against C.E. Properties, Inc., should have been denied, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging fraudulent inducement insofar as asserted against C.E. Properties, Inc. The essential elements of a cause of action sounding in fraud are a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *River Ridge Living Ctr., LLC v ADL Data Sys., Inc.*, 98 AD3d 724, 725 [2012]). Here, the defendants established, prima facie, that an alleged misrepresentation of fact by the defendants was not false and, therefore, not a misrepresentation at all. Moreover, while the plaintiffs claimed that the defendants misrepresented the ease with which a certificate of occupancy could be changed to suit their business needs, such a representation does not constitute actionable fraud because it is a mere expression of future expectations (*see Deutsche Bank Natl. Trust Co. v Sinclair*, 68 AD3d 914, 916 [2009]; *Adrien v Estate of Zurita*, 29 AD3d 498 [2006]; *Goldman v Strough Real Estate*, 2 AD3d 677, 678 [2003]). As there is no triable issue of fact, that branch of the defendants' motion which was for summary judgment dismissing the fraudulent inducement cause of action was properly granted.

The plaintiffs' remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.