■ GEMMON LLC, Appellant, v VERA WANG BECKER et al., Respondents. [50 NYS3d 65]—

Judgments, Supreme Court, New York County (Ellen M. Coin, J.), entered December 14, 2015, dismissing the complaint as to each defendant, unanimously affirmed, without costs.

The court properly dismissed the fraud claim against individual defendant Vera Wang Becker because the amended complaint failed to plead any misrepresentations made by her to plaintiff, since plaintiff dealt with others and there were no allegations that she authorized the alleged misrepresentations by others with knowledge of their falsity (see National Westminster Bank v Weksel, 124 AD2d 144, 147 [1st Dept 1987], appeal denied 70 NY2d 604 [1987]). Becker had no duty to plaintiff to disclose confidential negotiations concerning a possible licensing agreement with Kohl's (see Jolly King Rest. v Hershey Chan Realty, 214 AD2d 422 [1st Dept 1995]).

The court properly found that defendant Vera Wang Bridal House (VWBH) sustained its initial burden of demonstrating the absence of loss causation based on evidence that plaintiff's business was in arrears before Kohl's began selling Vera Wang merchandise; VWBH had a substantial quantity of fine jewelry accessible to plaintiff, when its account was brought current; the change in the manufacturer of the fragrance products did

not result in an unwarranted delay in the availability of the merchandise; and VWBH had no obligation to continue its relationship with any particular vendor.

Plaintiff failed to present evidence sufficient to raise a triable issue of fact as to these issues. The "prevention doctrine" is unavailing because it is applicable only to conditions precedent (*see Thor Props., LLC v Chetrit Group LLC*, 91 AD3d 476, 477 [1st Dept 2012]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.