◼ EDWARD PLATZMAN et al., Appellants, v JOHN MORRIS et al., Respondents, et al., Defendants. [724 NYS2d 502] —In an action, *inter alia,* to recover damages for breach of contract and fraud, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Rockland County (Dillon, J.), dated July 10, 2000, as granted the cross motion of the defendants John Morris and Joan Morris to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), 3013, and 3016, and (2) an order of the same court, dated October 2, 2000, as; upon reargument and renewal, adhered to its original determination.

Ordered that the appeal from the order dated July 10, 2000, is dismissed, as that order was superseded by the order dated October 2, 2000, made upon reargument and renewal; and it is further,

Ordered that the order dated October 2, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

In 1998 the plaintiffs purchased a house in Nanuet, from the defendants John Morris and Joan Morris (hereinafter the sellers). When the plaintiffs visited the house before entering into the contract of sale, they noted that there were three kitchens, one on each level of the house. The sellers told them that the kitchen in the basement was not legal, but that the kitchen on the second floor was legal. In the clause of the contract requiring that the sellers deliver a certificate of occupancy, the plaintiffs added language that the sellers represented that the house was a legal one-family dwelling. The certificate of occupancy certified that the house was a legal one-family dwelling. The contract also provided that the plaintiffs were fully aware of the condition of the property and that they entered into the contract based upon their own inspection and investigation, and not upon any information, or representations, written or oral, given by the sellers. The plaintiffs, however, never contacted the local building department before the completion of the sale to investigate the possibility that the kitchens constituted a violation of the local zoning ordinances.

After the closing, the plaintiffs were notified that the additional kitchens were in violation of zoning laws. They commenced this action, alleging, *inter alia*, that the sellers breached the contract and actively concealed the fact that the second-floor kitchen was illegal.

New York adheres to the doctrine of caveat emptor and imposes no duty on the seller to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment (*see, London v Courduff,* 141 AD2d 803; *Stambovsky v Ackley,* 169 AD2d 254). To maintain a cause of action to recover damages for active concealment in the context of a fraudulent nondisclosure, the plaintiffs must show, in effect, that the seller thwarted the plaintiffs' effort to fulfill their responsibilities fixed by the doctrine of caveat emptor (*see, London v Courduff, supra*).

There is no evidence in the record that the plaintiffs made any effort to investigate the legality of the kitchens despite that they were aware of, and questioned the legality of, the second-floor kitchen. Furthermore, the existence of the second-floor kitchen and the fact of its illegality were not facts which were peculiarly within the sellers' knowledge (*see, Glazer v LoPreste,* 278 AD2d 198; *McManus v Moise,* 262 AD2d 370). Since the contract contained a provision that the plaintiffs were fully aware of the condition of the premises based upon their own inspection and investigation, and not based upon any informa-

tion or representations, written or oral, made by the sellers, the plaintiffs cannot claim fraud (*see, Busch v Mastropierro,* 258 AD2d 492). Moreover, based upon the express terms of the contract of sale, the plaintiffs failed to state a cause of action to recover damages for breach of contract. Accordingly, the Supreme Court properly dismissed the complaint insofar as it was asserted against the sellers. Altman, J. P., Friedmann, Luciano and H. Miller, JJ., concur.