FRANK P. RAQUET et al., Respondents, v TRAVELERS CASUALTY AND SURETY COMPANY, Formerly Known as AETNA CASUALTY AND SURETY COMPANY, Appellant. [770 NYS2d 540]—

Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered January 21, 2003, which denied defendant's motion seeking dismissal of the complaint for failure to state a cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied defendant's motion seeking dismissal of the complaint for failure to state a

cause of action (*see* CPLR 3211 [a] [7]). "In assessing a motion under CPLR 3211 (a) (7), . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint . . . and 'the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*Leon v Martinez,* 84 NY2d 83, 88 [1994], quoting *Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]).

We conclude that any alleged deficiencies in the complaint have been remedied by the affidavits submitted by plaintiffs in opposition to defendant's motion (*see id.*). The affidavit of plaintiffs' attorney contradicts defendant's contention that plaintiffs never demanded the proceeds of the $300,000 policy of defendant's insured, Leonard J. Zane. Further, plaintiffs' attorney stated in his affidavit that defendant failed to keep Zane, and later, his estate, informed of the progress of the case and the status of settlement negotiations, if any, despite defendant's knowledge that a large excess verdict was likely. In addition, plaintiffs submitted the affidavit of the administratrix of Zane's estate, who stated that she was never contacted by defendant or its representatives until after the jury delivered its verdict. The affidavit of plaintiffs' attorney also sets forth instances in which defendant allegedly failed to act in Zane's best interests by, inter alia, failing to implead Transit Fire Company; not offering Zane's policy until after another of its insureds, Kenny Carpets, Inc., made an offer; rejecting the advice of the attorney representing Zane's interests, who recommended continuing actions for contribution and indemnification; and allegedly violating industry practice as well as defendant's own guidelines. We thus conclude that plaintiffs have stated a cause of action for bad faith against defendant insurer (*see Smith v General Acc. Ins. Co.,* 91 NY2d 648, 653-654 [1998]). Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.