# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1417**

**CA 12-00363**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

KENNETH POLK AND CARA POLK,
PLAINTIFFS-RESPONDENTS,

V                                        MEMORANDUM AND ORDER

JOSEPH GUGINO, SR., INDIVIDUALLY AND DOING
BUSINESS AS J. GUGINO CONSTRUCTION, JOSEPH
GUGINO, JR., INDIVIDUALLY AND DOING BUSINESS
AS J. GUGINO CONSTRUCTION, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (RICHARD M. SCHERER, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

KAVINOKY COOK LLP, BUFFALO (SCOTT C. BECKER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered September 15, 2011. The order denied defendants Joseph Gugino, Sr., individually and doing business as J. Gugino Construction and Joseph Gugino, Jr., individually and doing business as J. Gugino Construction's pre-answer motion to dismiss the complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion with respect to the sixth cause of action against defendants Joseph Gugino, Sr., individually and doing business as J. Gugino Construction, and Joseph Gugino, Jr., individually and doing business as J. Gugino Construction, and dismissing that cause of action against them and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action against, inter alia, Joseph Gugino, Sr., individually and doing business as J. Gugino Construction, and Joseph Gugino, Jr., individually and doing business as J. Gugino Construction (defendants) after the roof on their home began leaking six months after they purchased the home. Defendants had repaired the roof two years before plaintiffs purchased the home, and defendants' contract with the previous homeowners included a 10-year guarantee for the workmanship. Supreme Court denied defendants' pre-answer motion to dismiss the complaint against them.

We conclude that the court should have granted that part of the motion with respect to the sixth cause of action insofar as it alleges

a breach by defendants of a duty to disclose, but otherwise properly denied the motion.  We therefore modify the order accordingly. "Motions to dismiss should not be granted unless it is clear that there can be no relief under any of the facts alleged in the complaint" (*H. M. Brown, Inc. v Price*, 38 AD2d 680, 680).  " '[T]he criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*Leon v Martinez*, 84 NY2d 83, 88; *see Raquet v Travelers Cas. & Sur. Co.*, 2 AD3d 1310, 1311), and plaintiffs' allegations "must be assumed to be true" (*Becker v Schwartz*, 46 NY2d 401, 408).  Here, any duty to disclose may properly be asserted only against defendant sellers and defendant agent (*see generally Platzman v Morris*, 283 AD2d 561, 562), but the complaint otherwise does not fail to state a cause of action against defendants (*see* CPLR 3211 [a] [7]).  We therefore modify the order accordingly.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court