*1769 Memorandum: Plaintiffs commenced this action against, inter alia, Joseph Gugino, Sr., individually and doing business as J. Gugino Construction, and Joseph Gugino, Jr., individually and doing business as J. Gugino Construction (defendants) after the roof on their home began leaking six months after they purchased the home. Defendants had repaired the roof two years before plaintiffs purchased the home, and defendants’ contract with the previous homeowners included a 10-year guarantee for the workmanship. Supreme Court denied defendants’ preanswer motion to dismiss the complaint against them.
We conclude that the court should have granted that part of the motion with respect to the sixth cause of action insofar as it alleges a breach by defendants of a duty to disclose, but otherwise properly denied the motion. We therefore modify the order accordingly. “Motions to dismiss should not be granted unless it is clear that there can be no relief under any of the facts alleged in the complaint” (H. M. Brown, Inc. v Price, 38 AD2d 680, 680 [1971]). “ ‘[T]he criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one’ ” (Leon v Martinez, 84 NY2d 83, 88 [1994]; see Raquet v Travelers Cas. & Sur. Co., 2 AD3d 1310, 1311 [2003]), and plaintiffs’ allegations “must be assumed to be true” (Becker v Schwartz, 46 NY2d 401, 408 [1978]). Here, any duty to disclose may properly be asserted only against defendant sellers and defendant agent (see generally Platzman v Morris, 283 AD2d 561, 562 [2001]), but the complaint otherwise does not fail to state a cause of action against defendants (see CPLR 3211 [a] [7]). We therefore modify the order accordingly. Present — Scudder, P.J., Centra, Fahey, Carni and Valentino, JJ.