■ JEROME L. MO et al., Appellants, v THERESA B. ROSEN, Respondent, et al., Defendant. [983 NYS2d 867]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from stated portions of an order of the Supreme Court, Westchester County (Smith, J.), dated January 24, 2013, which, inter alia, granted that branch of the motion of the defendant Theresa B. Rosen which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Theresa B. Rosen (hereinafter the respondent) owned the subject residential property in Purchase. On or about March 29, 2010, the plaintiffs entered into a residential contract of sale pursuant to which the respondent was to sell the subject premises to the plaintiffs. The plaintiffs allege that, after closing in May 2010, they became aware of flooding conditions on the property. Additionally, the plaintiffs claim that, following the closing, they discovered that certain mechanical systems on the property were not operational. The plaintiffs commenced this action in September 2012. The plaintiffs asserted a single cause of action against the respondent, to recover damages for fraud. The respondent moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her. In the order appealed from, the Supreme Court granted that branch of the respondent's motion.

" 'New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment' " (*Daly v Kochanowicz*, 67 AD3d 78, 91 [2009], quoting *Jablonski v Rapalje*, 14 AD3d 484, 485 [2005]; *see Platzman v Morris*, 283 AD2d 561, 562 [2001]; *Glazer v LoPreste*, 278 AD2d 198 [2000]; *London v Courduff*, 141 AD2d 803, 804 [1988]). "If however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property" (*Daly v Kochanowicz*, 67 AD3d at 91-92 [internal quotation marks omitted]; *see Jablonski v Rapalje*, 14 AD3d at 485; *Bethka v Jensen*, 250 AD2d 887, 888 [1998]). " 'To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his [or her] responsibilities fixed by the doctrine of caveat emptor' " (*Daly v Kochanowicz*, 67 AD3d at 92, quoting *Jablonski v Rapalje*, 14 AD3d at 485). Here, in opposition to the respondent's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether the respondent engaged in conduct that would constitute active concealment.

The plaintiffs' remaining contentions with regard to that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against her are without merit.

Accordingly, the Supreme Court properly granted that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against her.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dickerson, J.P., Hall, Roman and Cohen, JJ., concur.