■ TIMAC REALTY, Appellant, v G&E TREMONT LLC, Defendant, and COMMONWEALTH LAND TITLE INSURANCE COMPANY et al., Respondents. [994 NYS2d 91]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered April 1, 2013, which granted defendant Commonwealth Land Title Insurance Company's and defendants Kensington Title Agency LLC and Kensington Vanguard National Land Services, LLC's motions to dismiss the complaint as against them, unanimously affirmed, with costs.

The complaint alleges that defendants failed to indemnify and reimburse plaintiff, pursuant to a title insurance policy, for

charges on a water meter not disclosed in the title report. However, the policy excepts from coverage liability for "water rates . . . which are not shown as existing liens by the public record," and records of the New York City Department of Environmental Protection show that the subject water charges were not reflected in its records until February 28, 2006, after the insurance policy was issued and after plaintiff closed on the property. This documentary evidence establishes a conclusive defense to this cause of action as a matter of law (*see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 270-271 [1st Dept 2004]). That the water charges arose from use predating the closing is immaterial (*see Giacalone v City of New York*, 104 Misc 2d 405 [Sup Ct, Queens County 1980]; *see also Metropolitan Life Ins. Co. v Union Trust Co.*, 283 NY 33 [1940]).

Plaintiff's claim that defendants breached their contractual obligations under the title report by providing a negligent survey is conclusively refuted by the title report, which states, "This certificate shall be null and void . . . upon the delivery of the policy" (*see Citibank v Chicago Tit. Ins. Co.*, 214 AD2d 212, 217 [1st Dept 1995], *lv dismissed* 87 NY2d 896 [1995]).

Further, title reports function to apprise title insurers of defects in title; they do not serve to warn prospective purchasers of every risk facing the property (*see id.* at 219). If plaintiff relied on the title report for a list of water meters on the property, it did so at its own risk (*see id.*). Moreover, plaintiff's attorney stated in an affidavit that he expressed concern about protecting plaintiff against unpaid water charges, but never finalized a new agreement, instead accepting the "assurances of Kensington's representative at the Closing," and that "plaintiff eventually acquiesced to proceed with the Closing."

In view of the foregoing, the cause of action seeking to recover the interest levied on the subject water charges must also be dismissed.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Saxe, DeGrasse, Richter and Clark, JJ.