■ JOHN HECKER et al., Respondents, v MONA T. PASCHKE, Appellant. [19 NYS3d 568]—

In an action to recover damages, inter alia, for fraudulent misrepresentation, the defendant appeals from an order of the Supreme Court, Orange County (Sciortino, J.), dated December 18, 2014, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiffs commenced this action to recover damages arising from their purchase of a house which they contend had a history of termite infestation and extensive mold. In the first cause of action, the plaintiffs alleged that the defendant made a fraudulent misrepresentation about termite infestation, and in the second cause of action, they alleged that the defendant fraudulently concealed evidence of termite and mold damage.

On July 24, 2013, the plaintiffs signed a "binder purchase agreement" on the property. On July 27, 2013, an inspection of the property was performed and a "Wood Destroying Insect Inspection Report" (hereinafter inspection report) was issued. The inspection report concluded that "no visible evidence of wood destroying insects was observed." The inspection report was signed by the plaintiffs and by the defendant's attorney as her attorney-in-fact. Above the signature of the defendant's attorney, the inspection report stated that "seller acknowledges that all information regarding [Wood Destroying Insect] inspection, damage, repair, and treatment history has been disclosed to the buyer."

Also in July 2013, the plaintiffs conducted an on-site inspection of the property with their realtor. At her examination before trial, the plaintiff Melody Hacker testified that, during the July 2013 site visit, she observed "black circles" on the ground. Mrs. Hecker stated that after she inquired about this observation, the realtor advised the plaintiffs that "it's how they treat insects . . . it's carpenter ants, termites, whatever might be the issue for that particular property."

During her examination before trial, the defendant stated that in 2011, repair work was performed at the house after water had infiltrated the property, and that during this work, mold damage and evidence of previous termite activity was observed. The defendant also stated that she had maintained a contract with Terminix, a pest control company, from approximately 2007 to 2009, but thereafter discontinued it because there was no "termite activity." The defendant further testified that during the 2011 repair work, she again contacted Terminix, "who came in and said there was no live activity." The plaintiffs alleged that none of this information was ever disclosed to them by the defendant or her agents.

On August 8, 2013, the plaintiffs and the defendant entered into a contract of sale for the property, which provided:

"12. Condition of Property

"Purchaser acknowledges and represents that Purchaser is fully aware of the physical condition and state of repair of the Premises . . . based on Purchaser's own inspection and investigation thereof, and that Purchaser is entering into this contract based solely upon such inspection and investigation and not upon any information, data, statements or representations, written or oral, as to the physical condition, state of repair, use, cost of operation or any other matter related to the Premises or other property included in the sale, given or made by Seller or its representatives, and shall accept the same 'as is' in their present condition."

In addition, the first paragraph of an "Addendum" to the contract provided: "This agreement is contingent upon a written determination, at purchaser's expense, by a NYS licensed architect or engineer that the premises are free from substantial structural . . . water . . . defects and/or termite infestation."

Moreover, one of the provisions in the "Purchaser's Rider to the Contract" stated that "in contemplation of the Property Condition Disclosure Act . . . the [parties] agree that the seller has elected not to provide the purchaser with a Property Condition Disclosure Statement . . . and in lieu thereof shall pay to the purchaser at closing the sum of $500 by a credit against purchase price."

The parties closed on the property on September 20, 2013. It is undisputed that the plaintiffs received the $500 credit at closing in lieu of a property condition disclosure statement. It is also undisputed that the plaintiffs did not avail themselves of the provision in the above addendum that made the contract contingent upon an inspection by a licensed architect or engineer.

After taking possession of the property, the plaintiffs allegedly discovered evidence of extensive mold and termite damage at the property, and thereafter commenced this action. Subsequently, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We reverse.

Initially, we note that, contrary to the defendant's contention, the plaintiffs did not waive their right to seek damages for fraud by agreeing to accept a $500 credit at closing in lieu of the property condition disclosure statement required by Real Property Law § 462 (*see* Real Property Law §§ 465, 467; *Delano v USA Home Inspection Servs.*, 15 Misc 3d 142[A], 2007 NY Slip Op 51076[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; *see also Daly v Kochanowicz*, 67 AD3d 78, 88 [2009];

*Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518, 520 [2007]). Nevertheless, the Supreme Court erred in denying the defendant's motion for summary judgment.

"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). However, in the context of real estate transactions, a claim of fraudulent misrepresentation must be analyzed within the doctrine of caveat emptor. " 'New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment' " (*Daly v Kochanowicz*, 67 AD3d at 91, quoting *Jablonski v Rapalje*, 14 AD3d 484, 485 [2005]; *see Platzman v Morris*, 283 AD2d 561, 562 [2001]; *Glazer v LoPreste*, 278 AD2d 198 [2000]). "If however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property" (*Daly v Kochanowicz*, 67 AD3d at 91-92 [internal quotation marks omitted]; *see Jablonski v Rapalje*, 14 AD3d at 485; *Bethka v Jensen*, 250 AD2d 887, 888 [1998]).

Here, the plaintiffs alleged that the statement on the inspection report form indicating that the defendant had disclosed all information regarding "[wood destroying insect] inspection, damage, repair, and treatment history" was fraudulent, since she was aware of such information but failed to disclose it. However, there is no proof that the plaintiffs justifiably relied on such misrepresentation. Regardless of the conclusion of the inspection report and the representations therein, the plaintiffs were aware that the property had been treated for wood destroying insects before they entered into the contract of sale. Thereafter, the plaintiffs undertook no further efforts to investigate the condition of the property, even though the contract of sale specifically provided that it was contingent upon an inspection and certification by a licenced architect or engineer that the property was free from termite infestation. Accordingly, the plaintiffs cannot establish the necessary element of justifiable reliance on the alleged misrepresentation contained in the inspection report to sustain a cause of action alleging fraud against the defendant (*see Daly v Kochanowicz*,

67 AD3d at 91; *see generally McMorrow v Dime Sav. Bank of Williamsburgh*, 48 AD3d 646, 647-648 [2008]; *Orlando v Kukielka*, 40 AD3d 829 [2007]). Moreover, since the contract, which was executed after the inspection report was issued and after the plaintiffs conducted their own site inspection, contained a provision that the plaintiffs were fully aware of the condition of the premises based upon their own inspection and investigation, and not based upon any information or representations, written or oral, made by the sellers, the plaintiffs cannot claim fraud (*see Platzman v Morris*, 283 AD2d at 562-563; *see also Busch v Mastropierro*, 258 AD2d 492 [1999]).

Accordingly, in light of the contractual language, and the plaintiffs' lack of justifiable reliance, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging fraudulent misrepresentation. In opposition thereto, the plaintiffs failed to raise a triable issue of fact (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mo v Rosen*, 116 AD3d 933, 934 [2014]).

Similarly, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging fraudulent concealment, and the plaintiffs failed to raise a triable issue of fact in opposition. " 'To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his [or her] responsibilities fixed by the doctrine of caveat emptor' " (*Daly v Kochanowicz*, 67 AD3d at 92, quoting *Jablonski v Rapalje*, 14 AD3d at 485). Here, the defendant showed, prima facie, that she did not thwart the plaintiffs' efforts to discover any termite or mold damage. Indeed, the plaintiffs conducted an inspection of the property for the purpose of determining if there were wood destroying insects, and they themselves saw some evidence that the property had been treated for insect activity during their July 2013 visit, but undertook no further investigation (*see Daly v Kochanowicz*, 67 AD3d at 93). The mere fact that the defendant undertook previous repair work on the house is not tantamount to concealment of a defective condition.

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.