Comora v Franklin (2019 NY Slip Op 02671)





Comora v Franklin


2019 NY Slip Op 02671


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-05449
 (Index No. 62604/15)

[*1]Adam Comora, et al., respondents, 
v
Martin Franklin, et al., appellants.


Oved & Oved LLP, New York, NY (Darren Oved and Aaron J. Solomon of counsel), for appellants Martin Franklin and Caroline Freidfertig, individually.
Costello, Cooney & Fearon, PLLC, Syracuse, NY (Paul G. Ferrara of counsel), for appellant Caroline Freidfertig, as agent for JBF 2, LLC, doing business as Julia B. Fee Sotheby's International Realty, and for JBF Holdings, LLC, doing business as Julia B. Fee Sotheby's International Realty.
Keane & Beane, P.C., White Plains, NY (Joel H. Sachs, Judson K. Siebert, and Arin M. Liebman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for fraud, the defendants Martin Franklin and Caroline Freidfertig, individually, appeal, and the defendant Caroline Freidfertig, as agent for JBF 2, LLC, doing business as Julia B. Fee Sotheby's International Realty, and for JBF Holdings, LLC, doing business as Julia B. Fee Sotheby's International Realty, separately appeals, from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated May 3, 2016. The order, insofar as appealed from by the defendants Martin Franklin and Caroline Freidfertig, individually, denied those branches of their motion which were pursuant to CPLR 3211(a) to dismiss the first cause of action and the second and fourth through ninth causes of action insofar as asserted against them. The order, insofar as appealed from by the defendant Caroline Freidfertig, as agent for JBF 2, LLC, doing business as Julia B. Fee Sotheby's International Realty, and for JBF Holdings, LLC, doing business as Julia B. Fee Sotheby's International Realty, denied those branches of her motion which were pursuant to CPLR 3211(a) to dismiss the second and fourth through ninth causes of action insofar as asserted against her or, in the alternative, for summary judgment dismissing those causes of action insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the defendants appearing separately and filing separate briefs, those branches of the motion of the defendants Martin Franklin and Caroline Freidfertig, individually, which were pursuant to CPLR 3211(a) to dismiss the first cause of action and the second and fourth through ninth causes of action insofar as asserted against them are granted, those branches of the motion of the defendant Caroline Freidfertig, as agent for JBF 2, LLC, doing business as Julia B. Fee Sotheby's International Realty, and for JBF Holdings, LLC, doing business as Julia B. Fee Sotheby's International Realty, which were pursuant to CPLR 3211(a) to dismiss the second and fourth through ninth causes of action insofar as asserted against her are granted, and those branches of the motion of the defendant Caroline Freidfertig, as agent for JBF 2, LLC, doing business as Julia B. Fee [*2]Sotheby's International Realty, and for JBF Holdings, LLC, doing business as Julia B. Fee Sotheby's International Realty, which were for summary judgment dismissing the second and fourth through ninth causes of action insofar as asserted against her are denied as academic.
The plaintiffs commenced this action against Martin Franklin and Caroline Freidfertig, individually (hereinafter together the individual defendants), and Caroline Freidfertig, as agent for JBF 2, LLC, doing business as Julia B. Fee Sotheby's International Realty, and for JBF Holdings, LLC, doing business as Julia B. Fee Sotheby's International Realty (hereinafter Sotheby's), in relation to the plaintiffs' purchase of certain premises that was owned by Franklin and listed for sale by Freidfertig and Sotheby's. The plaintiffs asserted 10 causes of action, all sounding in fraud, which, in effect, were based upon the defendants' alleged active concealment of a recurring mold-causing condition at the subject premises and their failure to disclose the condition to the plaintiffs.
The individual defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. Sotheby's separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted those branches of the defendants' separate motions which were to dismiss the third and tenth causes of action insofar as asserted against each of them and otherwise denied the motions. The individual defendants and Sotheby's separately appeal.
"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421; see Hecker v Paschke, 133 AD3d 713, 716). In the context of real estate transactions, "New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment" (Hecker v Paschke, 133 AD3d at 716 [internal quotation marks omitted]; see Daly v Kochanowicz, 67 AD3d 78, 91; Jablonski v Rapalje, 14 AD3d 484, 485). "If however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property" (Hecker v Paschke, 133 AD3d at 716 [internal quotation marks omitted]; see Daly v Kochanowicz, 67 AD3d at 91-92; Jablonski v Rapalje, 14 AD3d at 485). "To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his [or her] responsibilities fixed by the doctrine of caveat emptor" (Jablonski v Rapalje, 14 AD3d at 485; see Daly v Kochanowicz, 67 AD3d at 92).
The presence of disclaimers in a written agreement may preclude a claim of common-law fraud by rendering any resulting reliance unjustified (see People v Credit Suisse Sec. [USA] LLC, 31 NY3d 622, 644; Danann Realty Corp. v Harris, 5 NY2d 317). Moreover, a specific disclaimer of reliance on representations as to the condition of real property will generally bar related fraud-based claims (see Danann Realty Corp. v Harris, 5 NY2d 317). Here, the contract of sale for the subject premises set forth, inter alia, that the plaintiffs were "fully aware of the physical condition and state of repair of the Premises . . . based on [their] own inspection and investigation thereof," and that they were "entering into this contract based solely upon such inspection and investigation and not upon any information . . . or representations . . . given or made by Seller or its representatives." In light of the facts alleged, together with the language of the contract, which was annexed to the complaint, the plaintiffs cannot establish reliance upon the alleged concealment of material facts related to the condition of the premises (see id.; see also Hecker v Paschke, 133 AD3d at 716; Rigney v McCabe, 43 AD3d 896, 896; Platzman v Morris, 283 AD2d 561, 562-563; cf. TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 76). Accordingly, the Supreme Court should have granted that branch of the individual defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action, which was asserted against Franklin only, and those branches of the defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the [*3]second and fourth through ninth causes of action insofar as asserted against each of them.
The parties' remaining contentions need not be reached in light of our determination.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court