Daquila-Imbruglia v Universal Bldg. Solutions Corp. (2022 NY Slip Op
50149(U))

[*1]

Daquila-Imbruglia v Universal Bldg. Solutions Corp.

2022 NY Slip Op 50149(U) [74 Misc 3d 132(A)]

Decided on February 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-752 RI C

Alexandra Daquila-Imbruglia, Respondent,
against
Universal Building Solutions Corp., Appellant, Christopher Reno and
Our Island Real Estate, Inc., Defendants. 

Richard A. Rosenzwig of counsel, for appellant.
Alexandra Daquila-Imbruglia, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Richmond County (Lisa
Grey, J.), entered June 12, 2020. The judgment, insofar as appealed from, after a nonjury trial,
awarded plaintiff the principal sum of $5,255 as against defendant Universal Building Solutions
Corp.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $10,000, based on
defendants' alleged concealment of a defect in a house that she and her husband purchased. At a
nonjury trial, plaintiff testified that, shortly after moving into a house which she and her husband
had purchased from defendant Universal Building Solutions Corp. (Universal), they discovered
that water came into their house from behind the basement stairs when it rained. Plaintiff's
husband removed the stairs and found that there was no foundation in that part of the house.
Plaintiff expressed the understanding that water penetrated into the house through the dirt. She
opined that, even though she and her husband had had the house inspected before they purchased
it, they had been unaware of the problem of rainwater infiltration because at the time of the
inspection it had not rained recently, and said they had been unaware of the problem with the
foundation of the house because it had been hidden by the stairs. Plaintiff introduced into
evidence photographs which depicted the water infiltration, the stairs, and the condition of the
premises following the removal of the stairs, in the place where the stairs had previously been
located, as well as two estimates for vitiation of the problem of water infiltration, at costs of
$6,500 and $5,255 respectively, and a single estimate of $1,875, to remove and replace the
stairs.
Defendant Christopher Reno testified that he owns defendant Universal, which had [*2]previously purchased the house in question in foreclosure and, after
converting it to a two-family house by extending it laterally and vertically, had sold it to plaintiff
and her spouse. Defendant Our Island Real Estate, Inc. (Our Island) had served as the broker.
Reno was unable to recall the location of the foundation wall, the location of the basement stairs
prior to the renovation, or whether "we" had removed anything from behind the staircase. He
confirmed that defendant Universal had installed the stairs that were present when plaintiff and
her husband purchased the house. Reno acknowledged the possibility that water could be
entering the house from behind the stairs, but said that defendant Universal had followed the
plans that had been provided by the architect and the engineer. He opined that, even if there had
been a defect in the house, by accepting a $500 credit against the purchase price, plaintiff and her
husband had waived any defects in the property.
Following the trial, the court dismissed the action as against defendants Reno and Our Island,
and awarded a judgment in the principal sum of $5,255 as against defendant Universal, upon
findings that the photographs that had been introduced into evidence clearly showed the
existence of a defect in the foundation; that Reno's assertion that he had been unaware of the
defect was incredible; and that the staircase had been installed in an attempt to conceal the defect
in the foundation from plaintiff and her home inspector. Universal appeals from so much of the
judgment entered June 12, 2020 as was against it.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues
of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate
the testimony and demeanor of the witnesses affords it a better perspective from which to assess
their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v
Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments
rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at
126).
Although generally, once real property is sold and the deed is delivered, the doctrine of
merger extinguishes any claims the buyer may have regarding the contract of sale (see Lunal Realty, LLC v DiSanto Realty,
LLC, 88 AD3d 661 [2011]), this is subject, in pertinent part, to an exception for conduct
which constitutes active concealment (see Hecker v Paschke, 133 AD3d 713, 716 [2015]). "To maintain a
cause of action to recover damages for active concealment, the plaintiff must show, in effect, that
the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by
the doctrine of caveat emptor" (Jablonski v Rapalje, 14 AD3d 484, 485 [2005]; see also Razdolskaya v Lyubarsky, 160
AD3d 994, 996 [2018]; Sforza v
Sarro, 63 Misc 3d 134[A], 2019 NY Slip Op 50475[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2019]).
There was adequate evidence to support the Civil Court's factual conclusions as to the
defects in the foundation and Universal's concealment thereof by its construction of a staircase,
and thus the court's conclusion that plaintiff made out a prima facie case for damages based on
Universal's active concealment of a defect in the premises. Universal did not rebut plaintiff's
prima facie showing and its claim that the purchasers' acceptance of a $500 credit in lieu of a
Property Condition Disclosure Statement barred plaintiff from recovery lacks merit (see
Real [*3]Property Law §§ 462, 465, 467; see also
Hecker v Paschke, 133 AD3d at 715-716; Pesce v Leimsider, 59 Misc 3d 23 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2018]). Consequently, we find that the judgment rendered substantial
justice between the parties according to the rules and principles of substantive law (see
CCA 1804, 1807).
We reach no other issue. We note that we do not consider any of Universal's factual
contentions to this court which are dehors the record (see Chimarios v Duhl, 152 AD2d
508 [1989]).
Accordingly, the judgment, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 18, 2022