Serba v Cook
2026 NY Slip Op 03464
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Irina Serba, appellant,
v
Jennifer Cook, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2022-05045, (Index No. 55301/22)
Betsy Barros, J.P.
Barry E. Warhit
Carl J. Landicino
Laurence L. Love, JJ.

Sipsas P.C., Astoria, NY (Ioannis [John] P. Sipsas of counsel), for appellant.
Kitson & Schuyler P.C., Croton on Hudson, NY (Peter Schuyler of counsel), for respondent Jennifer Cook.
Albert DeGregoris, Garden City, NY, for respondent Spano Abstract Service Corp.
Law Offices of Fishman and Cabrera, Melville, NY (A. G. Chancellor III of counsel), for respondents J Philip Real Estate, LLC, J. Philip Faranda, and Jenifer A. Ross.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated June 20, 2022. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Spano Abstract Service Corp. and the defendant Jennifer Cook which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them and granted the motion of the defendants J Philip Real Estate, LLC, J. Philip Faranda, and Jenifer A. Ross pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In November 2021, the plaintiff, as purchaser, entered into a contract with the defendant Jennifer Cook, as seller (hereinafter the seller), to purchase certain residential property located in Westchester County. In January 2022, the plaintiff commenced this action, inter alia, to recover damages for fraud against, among others, the seller, the defendants Spano Abstract Service Corp. (hereinafter Spano), which prepared a title report/certificate for title insurance for the property, J Philip Real Estate, LLC (hereinafter J Philip), a licensed real estate broker, J. Philip Faranda, J Philip's managing member, and Jenifer A. Ross, the listing real estate agent for the property. The plaintiff alleged, among other things, that, after the closing in December 2021, she discovered the property was not connected to the public sewer system and that J Philip, Faranda, Ross (hereinafter collectively the Real Estate defendants), and the seller had concealed this fact from the plaintiff. Additionally, the plaintiff alleged that Spano breached its duty to perform a diligent search concerning the connection of the property to the public sewer system.
Spano and the seller separately moved, inter alia, pursuant to CPLR 3211(a) to [*2]dismiss the complaint insofar as asserted against each of them. The Real Estate defendants also moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated June 20, 2022, the Supreme Court, among other things, granted the motion of the Real Estate defendants and those branches of the separate motions of Spano and the seller. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every possible favorable inference" (Dee v Rakower, 112 AD3d 204, 208; see Leon v Martinez, 84 NY2d 83, 87-88). "However, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (98 Gates Ave. Corp. v Bryan, 225 AD3d 647, 648 [internal quotation marks omitted]). Moreover, "[w]hen evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Domitz v City of Long Beach, 187 AD3d 853, 855 [internal quotation marks omitted]; see Margarita v Mountain Time Health, LLC, 240 AD3d 584, 585).
"'A motion to dismiss [a cause of action] on the ground that the [cause of] action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law'" (Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908, quoting Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
A cause of action to recover damages for fraudulent misrepresentation requires "'a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 421; see 98 Gates Ave. Corp. v Bryan, 225 AD3d at 649). "A cause of action to recover damages for fraudulent concealment requires, in addition to the elements of a cause of action to recover damages for fraudulent misrepresentation, an allegation that the defendant had a duty to disclose material information and that it failed to do so" (98 Gates Ave. Corp. v Bryan, 225 AD3d at 649 [internal quotation marks omitted]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 179).
"A plaintiff's reliance must be reasonable. If the facts represented are not matters peculiarly within the defendant's knowledge, and the plaintiff has the means available to it of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, the plaintiff must make use of those means, or it will not be heard to complain that it was induced to enter into the transaction by misrepresentations" (R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 872 [citations omitted]; see Gordon v Connie Profaci Realty, LLC, 231 AD3d 712, 713-714).
"[I]n the context of real estate transactions, a claim of fraudulent misrepresentation must be analyzed within the doctrine of caveat emptor" (Hecker v Paschke, 133 AD3d 713, 716; see 98 Gates Ave. Corp. v Bryan, 225 AD3d at 649). "New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 520; see Hecker v Paschke, 133 AD3d at 716). "If however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property" (Daly v Kochanowicz, 67 AD3d 78, 91-92 [internal quotation marks omitted]; see Gordon v Connie Profaci Realty, LLC, 231 AD3d at 714). "To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his [or her] responsibilities fixed by the [*3]doctrine of caveat emptor" (Jablonski v Rapalje, 14 AD3d 484, 485; see Razdolskaya v Lyubarsky, 160 AD3d 994, 996).
Here, the complaint failed to adequately allege facts that would support a finding that the seller and the Real Estate defendants thwarted the plaintiff's efforts to satisfy the plaintiff's obligations under the doctrine of caveat emptor (see Gordon v Connie Profaci Realty, LLC, 231 AD3d at 714; see also Hecker v Paschke, 133 AD3d at 717). Moreover, the causes of action alleging fraudulent misrepresentation and fraudulent inducement are barred by the "as is" clause in the contract and the specific disclaimer regarding the condition of the property (see J. Carey Smith 2019 Irrevocable Trust v 11 W. 12 Realty LLC, 240 AD3d 432, 434; Comora v Franklin, 171 AD3d 851, 853; Laxer v Edelman, 75 AD3d 584, 586; see also Hecker v Paschke, 133 AD3d at 717). Accordingly, the Supreme Court properly granted those branches of the separate motions of the seller and the Real Estate defendants which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraud insofar as asserted against each of them.
The Supreme Court also properly granted that branch of Spano's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging negligence asserted against it. "Where . . . the certificate of title has merged in the subsequently issued title insurance policy, any action for damages arising out of the search—whether sounding in tort or contract—is foreclosed" (L. Smirlock Realty Corp. v Title Guar. Co., 70 AD2d 455, 465-466, affd as modified 52 NY2d 179; see Citibank v Chicago Tit. Ins. Co., 214 AD2d 212, 217). Here, the title report/certificate for title insurance issued by Spano provided that the title report/certificate for title insurance "shall be null and void . . . upon delivery of the policy" and that "[a]ny claim arising by reason of the issuance hereof shall be restricted to the terms and conditions of the standard form of title insurance policy." Under the circumstances, the court properly granted dismissal of the cause of action alleging negligence asserted against Spano because "a cause of action [alleging] negligence in searching title does not lie in an action on the policy" (Citibank v Chicago Title Ins. Co., 214 AD2d at 216; see 228 W 72 LLC v 228A W. 72 LLC, 213 AD3d 608, 609; see also TIMAC Realty v G & E Tremont LLC, 121 AD3d 457, 458), and the plaintiff did not allege that its claim was "independent of the parties' contract for insurance" (Choudhary v First Option Tit. Agency, 107 AD3d 657, 658-659; see 228 W 72 LLC v 228A W. 72 LLC, 213 AD3d at 609).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court